UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES A. ADAMS,

                               **Plaintiff,**

  vs.                                                    9:24-CV-873
                                                      (MAD/TWD)

MICHAEL BERKMAN, PATRICK BUCKLEY,
JOHN DOE #1, and JOHN DOE #2,

                               **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

JAMES A. ADAMS
20-B-1052
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
*Pro se* Plaintiff

**OFFICE OF THE NEW YORK**           **CHI-HSIN E. ENGLEHART, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff filed a *pro se* complaint in the United States District Court for the Southern District of New York on June 12, 2024, alleging that Defendants Michael Berkman, Patrick Buckley, and two other corrections officers used excessive force against Plaintiff and failed to intervene in that use of force while he was incarcerated at Franklin Correctional Facility ("Franklin C.F."). *See* Dkt. No. 1. The case was transferred to this Court on July 12, 2024. *See* Dkt. No. 4. Plaintiff moved to proceed *in forma pauperis*. *See* Dkt. Nos. 6, 7, 9, 12.

1

On August 21, 2024, Magistrate Judge Therese Wiley Dancks issued a Decision and Order granting Plaintiff's motion to proceed *in forma pauperis* and permitting his Eighth Amendment excessive force and failure-to-intervene claims to proceed. *See* Dkt. No. 11. On October 31, 2024, counsel for the named Defendants appeared in the action. *See* Dkt. No. 21.

On November 25, 2024, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 24. Magistrate Judge Dancks stayed Defendants' answer deadline pending resolution of the motion. *See* Dkt. No. 25. Plaintiff responded in opposition to the motion, *see* Dkt. No. 30, and Defendants replied. *See* Dkt. No. 31.

On July 11, 2025, Magistrate Judge Dancks issued a Report-Recommendation and Order recommending that Defendants' motion be denied without prejudice and with leave to renew after discovery has been conducted. *See* Dkt. No. 33. Both parties filed objections. *See* Dkt. Nos. 34, 35.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012) (quotation and

2

footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his filings under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

In a single paragraph, Plaintiff objects to Magistrate Judge Dancks' recommendation that Defendants' motion for summary judgment be dismissed without prejudice and with leave to renew. *See* Dkt. No. 35. Plaintiff argues the motion should be denied with prejudice. *See id*. Plaintiff's objection is wholly conclusory and will be reviewed for clear error. Defendants, however, raise specific objections to Magistrate Judge Dancks' Report-Recommendation and Order such that the issues they raise will be reviewed de novo. *See* Dkt. No. 34.

Having reviewed the July 11, 2025, Report-Recommendation and Order, the parties' filings, and the applicable law, the Court agrees with Magistrate Judge Dancks that Defendants' motion for summary judgment must be denied without prejudice and leave to renew.

Magistrate Judge Dancks thoroughly set forth the factual background, legal standard, and statutory framework applicable to Defendants' motion. *See* Dkt. No. 33 at 2-11. Neither party objects to Magistrate Judge Dancks' recitation of the law and the facts, the Court finds no clear error in that recitation, and the Court assumes the parties' familiarity with the same. *See* Dkt. Nos. 34, 35.

As to Magistrate Judge Dancks' conclusion, the Court entirely agrees that Defendants' motion for summary judgment must be denied without prejudice and with leave to renew. The Court agrees with Magistrate Judge Dancks that "[v]iewing the facts in the light most favorable to [P]laintiff, the record suggests that [P]laintiff's grievances were submitted, but were unfiled and unanswered, creating an issue of fact as to whether the grievance process was available[.]" *Fann v. Graham*, No. 9:15-CV-1339, 2018 WL 1399331, *6 (N.D.N.Y. Jan. 11, 2018); *see also* Dkt. No. 33 at 11-12. Magistrate Judge Dancks also correctly concluded that it would not be appropriate to order an exhaustion hearing at this time because the parties have not conducted any discovery. *See* Dkt. No. 33 at 11-13; *see also Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of case may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery"); *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011); *Croney v. Medbury*, No. 9:23-CV-1449, 2024 WL 5294279, *4 (N.D.N.Y. Nov. 12, 2024); *Hardee v. Thomas*, No. 9:23-CV-1142, 2025 WL 777268, *5 (N.D.N.Y. Feb. 13, 2025).

Plaintiff did not discuss the exhaustion of his administrative remedies in his complaint; rather, he only discussed the alleged December 29, 2022, assault at Franklin C.F. which is the basis for his constitutional claims. *See* Dkt. No. 1. Defendants did not answer the complaint and, therefore, did not raise a non-exhaustion affirmative defense. Instead, they moved for summary

4

judgment on non-exhaustion grounds. *See* Dkt. No. 24. Defendants submitted a declaration from the Director of the Incarcerated Grievance Program (the "Director"), wherein the Director attested that Plaintiff did not appeal any grievances related to the alleged December 29, 2022, assault. *See* Dkt. No. 24-2. The Director also declared that "Plaintiff has not previously appealed any grievances to" the Central Office Review Committee ("CORC"). *Id.* at ¶ 14. Defendants likewise provided the Court with a declaration from an employee at Franklin C.F. who stated that Plaintiff did not file any grievances related to the alleged assault. *See* Dkt. No. 24-3.

In his response to Defendants' summary judgment motion, Plaintiff stated he "filed two grievances [a]t the Franklin Correctional Facility and [n]ever got[] a response." Dkt. No. 30 at 2. Plaintiff explained that he filed a grievance at Franklin C.F. while he was housed in the Special Housing Unit ("SHU") and appealed to the Superintendent on January 12, 2023, when he did not receive a response. *See id.* at 4. He asserts he "also appealed the Superintendent['s] response at the Upstate Correctional Facility [("Upstate C.F.")] on February 2, 2023." *Id.* Later in his response, Plaintiff specifies that he filed an initial grievance on January 4, 2023. *See id.* at 5. He states he mailed his "appeals" to CORC on February 14, 2023. *Id.*

Plaintiff attached to his response a handwritten letter to CORC at Upstate C.F., dated February 14, 2023, wherein he discusses the alleged assault at Franklin C.F. on December 29, 2022. *See id.* at 6. In the letter, Plaintiff states, "I grievance [sic] this issue at Franklin Correctional Facility. I filed two grievance [sic] at Franklin Corr. and I didn't get no [sic] response back. I also appeal [sic] to the Superintendent at the Franklin Corr. Facility and I haven't gotten a response back." *Id.* at 7. Plaintiff provided the Court with a copy of two decisions reviewing Superintendent's hearings, *see id.* at 9-10, and an appeal concerning a Superintendent's hearing. *See id.* at 11.

5

Defendants object to Magistrate Judge Dancks' conclusion that this information provided by Plaintiff is sufficient to deny Defendants' summary judgment motion. *See* Dkt. No. 34. Defendants argue there is "no dispute that a grievance was never filed or appealed to CORC concerning the alleged excessive force incident on December 29, 2022." *Id.* at 5. Defendants contend that despite Plaintiff being given notice and an opportunity to respond regarding exhaustion, "[c]onspicuously missing from the additional evidence submitted by Plaintiff are any copies of the grievances he allegedly filed on January 4, 2023, at Franklin Correctional Facility, or regulation-compliant grievance appeals." *Id.* at 7. They argue that Plaintiff's response "plainly shows that he conflated the grievance process with the administrative appeal of his disciplinary hearings, and he did not properly file a grievance regarding the allegations in this case." *Id.* at 8. Defendants fault Plaintiff for not having "any copies of paperwork associated with the grievance program at all." *Id.* at 9. Alternatively, Defendants argue that if the Court disagrees with them and denies their motion, then discovery should be limited to only the exhaustion issue and a hearing should be held. *See id.* at 10.

"Although failure to exhaust administrative remedies is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints, . . . [d]ismissal for failure to exhaust is appropriate when on the face of the complaint, it is clear that a plaintiff did not exhaust administrative remedies[.]" *Blackwood v. Westchester Cnty.*, No. 23-CV-1297, 2024 WL 4290251, *4 (S.D.N.Y. Sept. 25, 2024), *appeal dismissed* (Dec. 2, 2024) (quoting *Valde-Cruz v. Russo*, No. 20-CV-9240, 2024 WL 809903, *5 (S.D.N.Y. Feb. 27, 2024)) (additional quotations and quotation marks omitted); *see also Donohue v. Manetti by Armor Corr. Health Servs.*, No. 2:15-CV-636, 2025 WL 974347, *9 (E.D.N.Y. Mar. 31, 2025) ("The Second Circuit has held that the defense of failure to exhaust available administrative remedies is an

6

affirmative defense that is waivable, specifically under the PLRA") (citing *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004)).

"[W]here . . . nonexhaustion is not clear from the face of the complaint, a defendant's motion to dismiss should be converted to one for summary judgment limited to the narrow issue of exhaustion . . . or whether exhaustion might be, in very limited circumstances, excused." *Blackwood*, 2024 WL 4290251, at *6 (quoting *Hall v. Annucci*, No. 19-CV-5521, 2021 WL 4392526, *10 (S.D.N.Y. Sept. 24, 2021)) (additional quotations and quotation marks omitted). "[I]n the context of exhaustion under the PLRA, courts usually insist upon limited discovery before converting a 12(b)(6) motion into a motion for summary judgment." *Id.* "'Discovery is not necessary, however, when the facts regarding plaintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome.'" *Id.* (quoting *Gottesfeld v. Anderson*, No. 18-CV-10836, 2020 WL 1082590, *7 (S.D.N.Y. Mar. 6, 2020)).

Nevertheless, "'[s]ince summary judgment is a drastic device, it should not be granted when there are major factual contentions in dispute. This is particularly so when . . . one party has yet to exercise its opportunities for pretrial discovery.'" *Johnson v. Mason*, No. 9:22-CV-590, 2024 WL 396679, *6 (N.D.N.Y. Feb. 2, 2024) (quoting *Nat'l Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir. 1975)) (citations and quotation marks omitted). "'[S]ummary judgment should only be granted if after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Id.* (quoting *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 83 (2d Cir. 2018)) (additional quotation omitted). "'The nonmoving party must have "had the opportunity to discover information that is essential to his opposition" to the motion for summary judgment.'" *Id.*

7

(quoting *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)) (additional quotation and quotation marks omitted).

In their summary judgment motion, Defendants did not argue that "on the face of the complaint, it is clear that a plaintiff did not exhaust administrative remedies[.]" *Blackwood*, 2024 WL 4290251, at *4 (quotation and quotation marks omitted); *see also* Dkt. No. 24-5. Defendants argued in their reply that Plaintiff's response to their motion was "wholly conclusory without any 'documentary evidence' or 'minimal corroborative details.'" Dkt. No. 31 at 6 (citations omitted). However, without an opportunity to conduct limited discovery, it is generally more difficult for a *pro se* plaintiff to submit sufficient evidence to rebut a counseled motion.

In their objections, Defendants assert "[e]ither Plaintiff deliberately failed to attach them, or he could not do so because he did not have such copies. Likewise, further discovery would not change the fact that there are no grievances or appeals on file related to Plaintiff's claim of excessive force on December 29, 2022." Dkt. No. 34 at 9. Defendants have not presented any case law which stands for the proposition that a genuine dispute of fact will only be raised if a plaintiff files copies of his purported grievance(s). *See id.* at 8-9.

Defendants are correct "that a district court may issue a '*sua sponte* dismissal of [a prisoner's] complaint for failure to exhaust his administrative remedies'—even 'before [the] defendants were served'—as long as it provides the [incarcerated individual] 'notice and an opportunity to respond.'" *Moore v. Booth*, 122 F.4th 61, 68-69 (2d Cir. 2024) (quoting *Mojias v. Johnson*, 351 F.3d 606, 608-11, n.1 (2d Cir. 2003)); *see also* Dkt. No. 34 at 4. However, the Second Circuit has found a dispute of fact where "the plaintiff alleged that, while housed in the SHU, he drafted a grievance that he delivered to a correction officer to forward to the grievance office on his behalf," "the plaintiff was transferred to a different facility," and "the plaintiff in

8

*Williams* also supported his allegation of unavailability "by providing the court with the date he filed the grievance, the procedure for how he filed it, and the timeline for roughly when [ ] subsequent follow-up conversations occurred." *Smith v. Dodge*, No. 9:18-CV-1066, 2022 WL 19771697, *9 (N.D.N.Y. Jan. 19, 2022) (quotation omitted); *see Williams v. Corr. Officer Priatno*, 829 F.3d 118, 120-21 (2d Cir. 2016)).

Here, Plaintiff responded to Defendants' motion with a copy of an appeal he submitted to CORC which referenced two prior grievances he filed while housed in the SHU. *See* Dkt. No. 30 at 6-7. This directly conflicts with Defendants' motion which contains affidavits attesting that Plaintiff has never filed a single appeal with CORC. *See* Dkt. No. 24-2 at ¶ 14. This creates a genuine dispute as to whether Plaintiff filed any grievances or appeals concerning the alleged assault.

Both Magistrate Judge Dancks and Defendants note that Plaintiff's reference to, and exhibit regarding, Superintendent's hearings, are irrelevant to the grievance procedure. *See* Dkt. No. 33 at 4; Dkt. No. 34 at 8. This Court agrees. *See Labounty v. Johnson*, 253 F. Supp. 2d 496, 501 (W.D.N.Y. 2003) ("An appeal from a disciplinary hearing does not satisfy the grievance exhaustion requirement for an Eighth Amendment claim, even if the hearing is based on the same set of facts underlying the grievance") (collecting cases). However, Plaintiff's statements in his response, claiming that he filed grievances concerning the alleged assault, and his attached appeal to CORC stating that he filed grievances, is enough for Plaintiff, as a *pro se* incarcerated individual, to raise a genuine dispute as to whether he exhausted available administrative remedies.

It is also noteworthy that Plaintiff stated in his response that he was in the SHU at the time he purportedly filed his grievances at Franklin C.F. *See* Dkt. No. 30 at 4. "The court recognizes

9

that an inmate-plaintiff's ability to process his grievances are curtailed to some extent while confined to the SHU." *Simpson v. Price*, No. 9:19-CV-1413, 2021 WL 7367083, *9 (N.D.N.Y. Dec. 29, 2021) (citing *Rodriguez v. Cross*, No. 15-CV-1079, 2017 WL 2791063, *7 (N.D.N.Y. May 9, 2017)). Defendants do not acknowledge this. *See* Dkt. Nos. 24-5, 34.

Based on the foregoing, the Court concludes that Plaintiff has raised a genuine dispute that forecloses Defendants' summary judgment motion at this juncture. None of this is to say that Defendants cannot be successful on their exhaustion argument. As Magistrate Judge Dancks stated, "Plaintiff has not provided [] further evidence substantiating his efforts to file these supposed grievances. . . . In some instances, as Defendants argue, courts have found such allegations are insufficient to overcome a properly supported motion for summary judgment." Dkt. No. 33 at 12 (citation and footnote omitted). However, "those cases were decided *after* discovery." *Id.*

The Court recognizes Defendants' efforts to comply with its previous guidance "that exhaustion issues be 'raised at the earliest possible moment,'" Dkt. No. 34 at 5 (quoting *Animashaun v. Toohill*, No. 9:21-CV-372, 2025 WL 843771, *8 (N.D.N.Y. Mar. 18, 2025)), but the Second Circuit has instructed that "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). As Defendants acknowledge, it is common practice in district courts across the Second Circuit to permit parties to conduct limited discovery on the issue of exhaustion in cases filed by incarcerated individuals. *See* Dkt. No. 34 at 10; *see, e.g.*, *Allah v. Switz*, No. 14-CV-5970, 2017 WL 519269, *5 (S.D.N.Y. Feb. 8, 2017); *Jones v. Sposato*, No. 16-CV-5121, 2017 WL 4023135, *6 (E.D.N.Y. Aug. 22, 2017); *Sweet v. Wende Corr.*

10

*Facility*, 253 F. Supp. 2d 492, 496 (W.D.N.Y. 2003). Therefore, it might be more efficient for the parties and the Court, and fairer to *pro se* litigants, if an affirmative exhaustion defense is raised first in an answer, followed by a prompt request to conduct limited discovery on the exhaustion issue prior to moving for summary judgment.

In this case, the Court agrees with Magistrate Judge Dancks that the *pro se* Plaintiff has raised a dispute sufficient to deny Defendants' summary judgment motion, but that leave to renew after discovery is warranted. Plaintiff's argument that his "claims of exhaustion and unavailability are substantiated and" the motion should be denied with prejudice is incorrect. Dkt. No. 35 at 1. Plaintiff has submitted enough information to raise a question about whether administrative remedies were available to him and whether he exhausted those remedies. He has not, however, established as a matter of law, that he did exhaust his administrative remedies.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 33) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 24) is **DENIED with leave to renew**; and the Court further

**ORDERS** that the case be referred to Magistrate Judge Dancks to reset Defendants' answer deadline and facilitate the completion of discovery on the limited issue of exhaustion; and the Court further

**ORDERS** that, at such time as discovery on the exhaustion issue has been completed, Defendants shall request permission from Magistrate Judge Dancks to file a renewed motion for summary judgment and/or to hold an exhaustion hearing; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 12, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge